UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DITECH FINANCIAL LLC,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; DESERT GREENS HOMEOWNERS ASSOCIATION, a Nevada non-profit cooperative corporation,<br><br>Defendants. | Case No. 2:17-cv-01772-RFB-PAL<br><br>**ORDER** |

## I.  INTRODUCTION

Before the Court are Defendant SFR Investments Pool 1, LLC's ("SFR's") Renewed Motion to Dismiss (ECF No. 45), Plaintiff Ditech Financial LLC's ("Ditech's") Counter-Motion for Summary Judgment (ECF No. 49), SFR's Motion to Strike Plaintiff's Counter-Motion for Summary Judgment (ECF No. 52), Desert Greens Homeowners Association's ("Desert Greens's") Renewed Motion to Dismiss (ECF No. 53), Desert Greens's Renewed Motion for Summary Judgment (ECF No. 54), and Desert Greens's Motion to Strike SFR's Response to Desert Greens's Motion to Dismiss (ECF No. 61).

Ditech seeks quiet title/declaratory judgment and injunctive relief based on allegations of wrongful foreclosure violating Housing and Economic Recovery Act of 2008, the federal constitution, and Nevada statutes. ECF No. 1.

For the reasons stated below, the Court finds that the statute of limitations has run to preclude Ditech's claims in their entirety. The Court therefore grants SFR's Renewed Motion to

///

dismiss and Desert Greens's Renewed Motion to Dismiss, and denies all other pending motions as moot.

## II. FACTUAL BACKGROUND

The Court summarizes the facts alleged in Ditech's complaint. ECF No. 1.

On or about October 9, 2003, Larry Rury and Linda Rury obtained title to property located at 5241 Crooked Valley Drive, Las Vegas, Nevada 89149 (APN 125-34-218-021) ("the Property"). The deed of trust was recorded in the Recorder's Office on January 30, 2008 and showed Larry Rury and Linda Rury as the borrowers, Homecomings Financial, LLC as the Lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary of record of the deed of trust solely as nominee for Lender and Lender's successors and assigns.

On or about February 2008, Freddie Mac acquired ownership of the loan, including the note and deed of trust. On September 6, 2008, the Director of the Federal Housing Finance Agency ("FHFA") placed Freddie Mac into conservatorship and appointed FHFA as Conservator.

On or about July 10, 2012, MERS assigned the deed of trust to GMAC Mortgage, LLC ("GMAC"). On or about July 12, 2012, GMAC assigned the deed of trust to Freddie Mac. Freddie Mac was the record beneficiary of the deed of trust on March 6, 2013.

On or about February 22, 2012, Desert Greens recorded a Notice of Delinquent Assessment against the Property, stating the amount due was $1,156.79, including collection and/or attorney fees and collection costs. On or about July 22, 2013, a Notice of Default and Election to Sell Under Homeowners Association Lien was recorded against the Property on behalf of Desert Greens, stating the amount due was $2,488.54. On or about February 5, 2013, a Notice of Trustee's Sale was recorded against the Property on behalf of Desert Greens, stating the amount due was $4,235.29. Upon information and belief, pursuant to a Trustee's Deed Upon Sale recorded against the Property on March 18, 2013, a non-judicial foreclosure sale occurred on March 6, 2013 and SFR was the successful bidder for the sum of $7,700.

On or about March 7, 2013 Freddie Mac assigned the deed of trust to Ocwen Loan Servicing, LLC ("Ocwen"). On or about October 21, 2015, Ocwen assigned the deed of trust to

Residential Credit Solutions, Inc. ("RCS"). On or about July 25, 2016, RCS assigned the deed of trust to Ditech. Ditech is currently the servicer of the loan for Freddie Mac, and in that capacity, the record beneficiary of the deed of trust for Freddie Mac.

### III.     PROCEDURAL BACKGROUND

Ditech filed its complaint on June 27, 2017. ECF No. 1. On October 9, 2017, Desert Greens filed a Motion to Dismiss. ECF No. 14. On December 11, 2017, SFR filed a Motion to Dismiss. ECF No. 22. Desert Greens joined the motion. ECF No. 23.

On January 4, 2018, the Court entered a scheduling order. ECF No. 27. Discovery closed on April 9, 2018. Id. On May 9, 2018, Ditech and Desert Greens each filed a Motion for Summary Judgment. ECF Nos. 32, 33.

On July 13, 2018, the Court denied the three pending motions without prejudice and issued a stay in the case pending the Nevada Supreme Court's decision on a certified question of law regarding NRS 116's notice requirement in Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n, Case No. 2:16-cv-02561-RFB-PAL. ECF No. 44. The Nevada Supreme Court published an answer to the certified question on August 2, 2018. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018).

On August 23, 2018, SFR filed the instant Renewed Motion to Dismiss. ECF No. 45. On September 20, 2018, Ditech filed the instant Counter-Motion for Summary Judgment, which SFR moved to strike on October 11, 2018. ECF Nos. 49, 52.

On October 24, 2018, Desert Greens filed the instant Renewed Motion to Dismiss and Renewed Motion for Summary Judgment. ECF Nos. 53, 54. On November 14, 2018, Desert Greens moved to strike SFR's response to its Renewed Motion to Dismiss. ECF No. 61.

### IV.     LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations

3

of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

## V. DISCUSSION

SFR and Desert Greens each in argue their respective motions to dismiss that Ditech's complaint is time-barred pursuant to a three-year statute of limitations. Ditech argues in response that a five-year statute of limitations applies to its complaint.

Accepting the allegations in the complaint as true, the Court determines whether "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citation omitted). A complaint may be dismissed as untimely only where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).

For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). Ditech alleges that Desert Greens foreclosed on its lien on March 6, 2013 which is when the statute began to run. On this date, if not before, Plaintiff would have been aware of its alleged claims. The complaint was filed on June 27, 2017, over four years later. Contrary to Plaintiff's argument, the claim did not accrue on September 18, 2014, the date of the Nevada Supreme Court decision in SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408 (Nev. 2014). The Nevada Supreme Court has held that SFR Investments applies retroactively and constitutes an interpretation of NRS 116.3116 rather than a change in law. K&P Homes v. Christiana Trust, 133 Nev. Adv. Op. 51 (July 27, 2017). Because NRS 116.3116 was in effect at the time of the foreclosure sale, the Court finds that Plaintiff's claim accrued at that time of the foreclosure.

4

1        The Court finds that the applicable three- and four- year statutes of limitations pursuant to Nevada law foreclose all claims in Ditech's complaint. Insofar as Ditech's pleading relates to any right protected by NRS 116.3116 and the violation of that right, Ditech's claims carry a three-year statute of limitations pursuant to NRS 11.190(3)(a), which applies to actions upon a liability created by statute. Insofar as Ditech seeks declaratory and injunctive relief based on violations of the Housing and Economic Recovery Act of 2008 or the federal constitution, or seeks such relief on the basis of equitable considerations, Ditech's claims fall within the four-year catch-all provision at NRS 11.220 and are similarly foreclosed.

       The Court finds the Ditech is not entitled to the five-year statute of limitations for certain quiet title actions pursuant to NRS 11.070 and 11.080. The statute of limitations provided by these code sections only apply when the plaintiff actually "was seized or possessed of the premises." Nev. Rev. Stat. §§ 11.070, 11.080; see also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 232 (Nev. 2017) (NRS 11.080); Bissell v. Coll. Dev. Co., 469 P.2d 705, 707 (Nev. 1970) (NRS 11.070). NRS 11.070 and 11.080 do not apply to claims by parties that held only a lien interest, not title.

       The Court also finds that 12 U.S.C. § 4617(b)(12)(A) does not apply to preempt the state statute of limitations in this case. The statute specifically governs "any action brought by the [Federal Housing Finance] Agency as conservator or receiver." 12 U.S.C. § 4617(b)(12)(A). Because the Federal Housing Finance Agency did not bring the instant action and is not a party to this case, the statute has no application here.

       Because the applicable statutes of limitations bar Ditech's complaint in its entirety, the Court need not address the other arguments raised in the motions to dismiss. The Court grants each Defendant's motion to dismiss, denies all remaining pending motions as moot, and closes the case.

### VI.    CONCLUSION

**IT IS ORDERED** that the stay in this case is LIFTED.

**IT IS FURTHER ORDERED** that SFR Investments Pool 1, LLC's Renewed Motion to

Dismiss (ECF No. 45) and Desert Greens Homeowners Association's Renewed Motion to Dismiss (ECF No. 53) are GRANTED.

**IT IS FURTHER ORDERED** that all remaining pending motions (ECF Nos. 49, 52, 54, 61) are DENIED as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly and close the case.

DATED: March 31, 2019.

                                                          RICHARD F. BOULWARE, II
                                                          UNITED STATES DISTRCIT JUDGE