**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| DITECH FINANCIAL LLC, | Case No. 2:17-cv-01772-RFB-PAL |
| Plaintiff, | |
| v. | **ORDER** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; DESERT GREENS HOMEOWNERS ASSOCIATION, a Nevada non-profit cooperative corporation, | |
| Defendants. | |

### I.  INTRODUCTION

Before the Court is Plaintiff Ditech Financial LLC's ("Ditech") Motion for Reconsideration. ECF No. 76. For the following reasons, the Court grants the motion.

### II.  PROCEDURAL BACKGROUND

Ditech filed its complaint on June 27, 2017. ECF No. 1. On October 9, 2017, Defendant Desert Greens Homeowners Association (the "HOA") filed a Motion to Dismiss. ECF No. 14. On December 11, 2017, Defendant SFR Investments Pool 1, LLC filed a Motion to Dismiss. ECF No. 22. The HOA joined the motion. ECF No. 23.

On January 4, 2018, the Court entered a scheduling order. ECF No. 27. Discovery closed on April 9, 2018. Id. On May 9, 2018, Ditech and the HOA each filed a Motion for Summary Judgment. ECF Nos. 32, 33.

On July 13, 2018, the Court denied the three pending motions without prejudice and issued

a stay in the case pending the Nevada Supreme Court's decision on a certified question of law regarding NRS 116's notice requirement in Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n, Case No. 2:16-cv-02561-RFB-PAL. ECF No. 44. The Nevada Supreme Court published an answer to the certified question on August 2, 2018. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018).

On August 23, 2018, SFR filed a Renewed Motion to Dismiss. ECF No. 45. On September 20, 2018, Ditech filed a Counter-Motion for Summary Judgment, which SFR moved to strike on October 11, 2018. ECF Nos. 49, 52.

On October 24, 2018, Desert Greens filed a Renewed Motion to Dismiss and Renewed Motion for Summary Judgment. ECF Nos. 53, 54. On November 14, 2018, Desert Greens moved to strike SFR's response to its Renewed Motion to Dismiss. ECF No. 61. On March 31, 2019, the Court granted SFR and the HOA's motions to dismiss, finding that all of Ditech's claims were time-barred, and denying all other motions as moot. ECF No. 73. Ditech filed the instant motion for reconsideration on April 29, 2019. ECF No. 76. The Federal Housing Finance Agency (FHFA) moved for leave to file an amicus curiae brief on April 30, 2019. ECF No. 77. Response and replies were filed for the motion for reconsideration in May 2019. ECF Nos. 78 – 81. On November 4, 2019, the Court granted FHFA's leave to file an amicus curiae brief. ECF No. 86. On December 12, 2019, Ditech filed a notice of bankruptcy. ECF No. 72.

### III.     FACTUAL BACKGROUND

The Court incorporates by reference the facts as laid out in its prior order dated March 31, 2019. ECF No. 73. On or about October 9, 2003, Larry and Linda Rury obtained title to property located at 5241 Crooked Valley Drive, Las Vegas, Nevada 89149 (APN 125-34-218-021) ("the Property"). The deed of trust was recorded in the Recorder's Office on January 30, 2008 and showed Larry and Linda Rury as the borrowers, Homecomings Financial, LLC as the Lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary of record of the deed of

trust solely as nominee for Lender and Lender's successors and assigns.

On or about February 2008, Freddie Mac acquired ownership of the loan, including the note and deed of trust. On September 6, 2008, the Director of the Federal Housing Finance Agency ("FHFA") placed Freddie Mac into conservatorship and appointed FHFA as Conservator.

On or about July 10, 2012, MERS assigned the deed of trust to GMAC Mortgage, LLC ("GMAC"). On or about July 12, 2012, GMAC assigned the deed of trust to Freddie Mac. Freddie Mac was the record beneficiary of the deed of trust on March 6, 2013.

On or about February 22, 2012, Desert Greens recorded a Notice of Delinquent Assessment against the Property, stating the amount due was $1,156.79, including collection and/or attorney fees and collection costs. On or about July 22, 2013, a Notice of Default and Election to Sell Under Homeowners Association Lien was recorded against the Property on behalf of Desert Greens, stating the amount due was $2,488.54. On or about February 5, 2013, a Notice of Trustee's Sale was recorded against the Property on behalf of Desert Greens, stating the amount due was $4,235.29. Pursuant to a Trustee's Deed Upon Sale recorded against the Property on March 18, 2013, a non-judicial foreclosure sale occurred on March 6, 2013 and SFR was the successful bidder for the sum of $7,700.

On or about March 7, 2013 Freddie Mac assigned the deed of trust to Ocwen Loan Servicing, LLC ("Ocwen"). On or about October 21, 2015, Ocwen assigned the deed of trust to Residential Credit Solutions, Inc. ("RCS"). On or about July 25, 2016, RCS assigned the deed of trust to Ditech. Ditech is currently the servicer of the loan for Freddie Mac, and in that capacity, the record beneficiary of the deed of trust for Freddie Mac.

**IV.    LEGAL STANDARD**

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (citation and quotation marks omitted). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the

controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id.

**V.   DISCUSSION**

Ditech argues that the Court should reconsider its order dismissing its claims as time-barred. In the Court's previous order, the Court found that Ditech could not use the six-year limitations period provided by the HERA statute because the FHFA was not a party to the suit. ECF No. 73 at 5. However since that decision, the Court has revised its reasoning on this issue and determined that government-sponsored enterprises such as Freddie Mac may use the HERA limitations period, and has further found that the six-year limitations period applies to such entities when they invoke the statute. See Nationstar Mortg. LLC v. Copper Creek Homeowner Ass'n, No. 2:17-cv-02624-RFB-BNW, 2019 WL 4777311, at *3 - *5 (D. Nev. Sept. 29, 2019). The Court finds that it would be a clear error of law to let this decision stand and incorporates by reference the reasoning in Nationstar Mortgage.

In Nationstar Mortgage, the Court did not explicitly address whether a loan servicer such as Ditech may bring claims if Fannie Mae or Freddie Mac are not also a party in the suit. The Ninth Circuit and the Nevada Supreme Court have repeatedly affirmed the ability of loan servicer-agents to assert claims on behalf of loan-owners/principals in the Federal Foreclosure Bar context. See Ditech Financial, LLC v. SFR Investments Pool 1, LLC, No. 17-16576, 2019 WL 6242262, at * 1 (9th Cir. Nov. 21, 2019) (noting that "[bank], as the loan servicer, acts as Fannie Mae's agent and has standing to assert the Federal Foreclosure Bar"); Saticoy Bay, LLC Series 2714 Snapdragon v. Flagstar Bank, FSB, No. 16-15478, *1 ( 9th Cir. Oct. 20, 2017) (same); Daisy Trust v. Wells Fargo Bank, N.A., 445 P.3d 846 (Nev. 2019) (same). Accordingly, the Court finds that Ditech may, as an agent, assert the Federal Foreclosure Bar on behalf of Freddie Mac and adopt the same limitations period.

For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). Ditech alleges that Desert Greens

6

foreclosed on its lien on March 6, 2013 which is when the statute began to run. The complaint was filed on June 27, 2017. Applying the six-year statute of limitations, the Court finds that Ditech's claims are in fact timely filed. The Court will allow reverse its prior decision and will permit Ditech to file a renewed motion for summary judgment within 30 days of the date of this order.

### VI. CONCLUSION

**IT IS ORDERED** that Plaintiff Ditech Financial LLC's Motion for Reconsideration (ECF No. 76) is GRANTED. The Court reverses its finding that Ditech's claims are time-barred and reinstates them.

**IT IS FURTHER ORDERED** that Plaintiff Ditech Financial LLC shall have 30 days from the date of this order to file a renewed motion for summary judgment on the question of the Federal Foreclosure Bar. Defendants SFR and Desert Greens may file responses in opposition to Ditech's renewed motion for summary judgment. The responses in opposition need not address the limitations issue unless there is new controlling precedent from the Ninth Circuit Court of Appeals when the responses are filed.

**IT IS FURTHER ORDERED** that the Clerk of Court reopen the case.

DATED: May 29, 2020

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRCIT JUDGE**