WRIGHT, FINLAY & ZAK, LLP
Christina V. Miller, Esq.
Nevada Bar No. 12448
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
Tel: (702) 475-7964; Fax: (702) 946-1345
cmiller@wrightlegal.net
*Attorneys for Plaintiff Ditech Financial LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DITECH FINANCIAL LLC,<br><br>   Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>   Defendants. | Case No.: 2:17-cv-01772-RFB-PAL<br><br>**[PROPOSED] ORDER** |

Before this Court is Plaintiff Ditech Financial LLC's ("Ditech") Renewed Motion for Summary Judgment (ECF No. 93) ("Motion"); Defendant Desert Green Homeowners' Association's ("HOA") Renewed Limited Response to Ditech's Motion (ECF No. 120); Defendant SFR Investments Pool 1, LLC's ("SFR") Response to Ditech's Motion (ECF No. 121), Countermotion to Strike (ECF No. 122) and Countermotion for Rule 56(d) Relief (ECF No. 122); Ditech's Reply in support of its Motion (ECF No. 125), Opposition to SFR's Countermotion to Strike (ECF No. 126) and Countermotion to Rule 56(d) Relief (ECF No. 127); and SFR's Reply in support of its Countermotion to Strike (ECF No. 129) and Countermotion for Rule 56(d) Relief (ECF No. 130).

The Court heard argument of counsel for Ditech, SFR and the HOA on March 16, 2022, and on the record during that hearing entered its ruling granting the motion. Accordingly, the Court enters the following order:

///

**FACTUAL BACKGROUND**

A deed of trust listing Larry Rury and Linda Rury as the borrowers ("Borrowers"), Homecomings Financial, LLC f/k/a Homecomings Financial Network, Inc. as the lender ("Lender"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary solely as nominee for Lender and Lender's successors and assigns, was executed on January 24, 2008, and recorded on January 30, 2008 (the "Deed of Trust"). The Deed of Trust granted Lender a security interest in real property known as 5241 Crooked Valley Drive, Las Vegas, Nevada 89149 (the "Property") to secure the repayment of a loan in the original amount of $186,000.00 made to the Borrowers (the promissory note and Deed of Trust together are the "Loan").

In February 2008, Freddie Mac purchased the Loan thereby acquiring ownership of the Deed of Trust.

On July 30, 2008, Congress enacted the Housing and Economic Recovery Act ("HERA"), which established the Federal Housing Finance Agency ("FHFA") as an independent agency of the federal government that has the supervisory and regulatory authority over Freddie Mac. Housing and Economic Recovery Act of 2008, Pub. L. No. 110-289, 122 State. 2654 (codified at 12 U.S.C. § 4511 et seq.).

In September 2008, pursuant to its authority under HERA, FHFA placed Freddie Mac and the Federal National Mortgage Association ("Fannie Mae," and together with Freddie Mac, "the Enterprises") into conservatorship where they remain today.

On July 19, 2012, MERS, as nominee for Lender and Lender's successors and assigns, recorded an assignment of the Deed of Trust assigning the Deed of Trust to GMAC Mortgage, LLC ("GMAC").

On July 24, 2012, GMAC recorded an assignment of the Deed of Trust assigning the Deed of Trust to Freddie Mac.

At the time of the HOA's lien foreclosure sale on March 6, 2013, Freddie Mac was the owner of the Loan and record beneficiary of the Deed of Trust.

On March 19, 2013, Freddie Mac recorded an assignment of the Deed of Trust assigning the Deed of Trust to Ocwen. Loan Servicing, LLC ("Ocwen").

1       On October 26, 2015, Ocwen recorded an assignment of the Deed of Trust assigning the Deed of Trust to Residential Credit Solutions, Inc. ("RCS").

On July 25, 2016, RCS executed and recorded an assignment of the Deed of Trust assigning the Deed of Trust to Ditech.

On December 4, 2019, Ditech recorded an assignment of the Deed of Trust assigning the Deed of Trust to Specialized Loan Servicing LLC ("SLS").

In February 2012 through May 2012, the HOA recorded a Notice of Delinquent Assessment Lien concerning past-due assessments, followed by a Notice of Default and Election to Sell, and a Notice of Foreclosure Sale against the Property. On March 6, 2013, the HOA foreclosed on its lien and sold the Property to SFR, which paid $7,700, according to the Foreclosure Deed recorded on March 18, 2013.

At the time of the HOA Sale on March 6, 2013, Freddie Mac was the record beneficiary of the Deed of Trust and owner of the Loan, including both the promissory note and the Deed of Trust. At the time Ditech filed its Complaint, Ditech was the servicer of the Loan on behalf of Freddie Mac. The relationship between Ditech as servicer of the Loan, and Freddie Mac, as owner of the Loan, is governed by Freddie Mac's Single-Family Seller/Servicer Guide, a document central to Freddie Mac's relationship with its servicers nationwide.

At no time did the FHFA consent to the HOA Sale extinguishing or foreclosing Freddie Mac's interest in the Property.

## CONCLUSIONS OF LAW

**I.  Summary judgment standard.**

In evaluating a motion for summary judgment, courts must view all facts and draw all inferences in the light most favorable to the nonmoving party. *See Amerson v. Clark Cty.*, 995 F. Supp. 2d 1155, 1159 (D. Nev. 2014) (citing *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986)). Summary judgment shall be granted if the moving party demonstrates that the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the

moving party is entitled to judgment as a matter of law. *See Zoslow v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).

## II. The Federal Foreclosure Bar prevented the HOA Sale from extinguishing Freddie Mac's Deed of Trust.

The Ninth Circuit Court of Appeals has ruled that the Federal Foreclosure Bar preempts the State Foreclosure Statute, NRS 116.3116 *et seq.*, and has further ruled that the Federal Foreclosure Bar (12 U.S.C. §4617(j)(3)) protects Freddie Mac's property interests under circumstances where, as here, either Freddie Mac itself or Freddie Mac's servicer appears as record beneficiary of a deed of trust Freddie Mac owns. *See Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave.*, 996 F.3d 950, 957 (9th Cir. 2021); *FHFA v. SFR Invs. Pool 1, LLC,* 893 F.3d 1136 (9th Cir. 2018), *cert. denied,* 139 S. Ct. 1618 (2019); *Berezovsky v. Moniz*, 869 F.3d 923 (9th Cir. 2017); *Williston Inv. Grp., LLC v. JPMorgan Chase Bank, NA*, 736 F. App'x 168, 169 (9th Cir. 2018); *Elmer v. JPMorgan Chase & Co.*, 707 F. App'x 426 (9th Cir. 2017); *JPMorgan Chase Bank, NA v. Las Vegas Dev. Grp.*, 740 F. App'x 153, 154 (9th Cir. 2018); *M&T Bank v. SFR Invs. Pool 1, LLC,* 963 F.3d 854, 856 (9th Cir. 2020); *Freddie Mac v. T-Shack, Inc.,* 806 F. App'x 575 (9th Cir. 2020) (unpublished disposition); *Ditech Fin. LLC v. Saticoy Bay LLC Series 8829 Cornwall Glen,* 794 F. App'x 667 (9th Cir. 2020) (unpublished disposition). The Federal Foreclosure Bar necessarily protects the Deed of Trust because FHFA has succeeded by law to all of Freddie Mac's "rights, titles, powers, and privileges," 12 U.S.C. § 4617(b)(2)(A)(i). *Id.*

The Nevada Supreme Court has held the same. *See Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 445 P.3d 846 (2019); *Saticoy Bay LLC Series 9641 Christine View v. Fannie Mae*, 134 Nev. 270, 417 P.3d 363 (2018); *Collegium Fund LLC Series 7 v. Ditech Fin., LLC*, No. 76168, 2020 WL 3469189, at *1 (Nev. June 24, 2020) (unpublished disposition); *Citimortgage, Inc. v. River Glider Ave. Tr.*, No. 75294, 2020 WL 3415781, at *1 (Nev. June 19, 2020) (unpublished disposition).

As demonstrated by the Ninth Circuit's decisions, Freddie Mac's property interest may be established by Freddie Mac's business records and a declaration from a Freddie Mac employee

explaining that the records show when Freddie Mac owned the Loan. *E.g.*, *Millikan*, 996 F.3d at 956; *Berezovsky*, 869 F.3d at 933; *FHFA v. SFR*, 893 F.3d 1136. Under the Federal Rules of Evidence, business records are admissible to prove the truth of their contents when introduced by a qualified witness, as they are here. *See Malek v. Fed. Ins. Co.*, 994 F.2d 49, 53 (2d Cir. 1993); Fed. R. Evid. 803 (advisory committee's note to 1972 proposed rules) (noting that business records have "unusual reliability" and include electronic database records). The Ninth Circuit's decisions in *Millikan* and *Berezovsky* held that the business records of Freddie Mac are admissible business records. *Millikan*, 996 F.3d at 956 (holding that Enterprise business records and supporting Enterprise employee declaration were sufficient to establish Enterprise's ownership of loan); *Berezovsky*, 869 F.3d at 932 & n.8 (holding that Freddie Mac "database printouts" were sufficient to support a "valid and enforceable" property interest under Nevada law.

Here, Freddie Mac was the beneficiary of record of the Deed of Trust at the time of the HOA Sale on March 6, 2013. Where the publicly recorded documents reflect a property interest of Freddie Mac at the time of the HOA Sale, the Federal Foreclosure Bar applies. *Fed. Nat'l Mortg. Assoc. v. LN Mgmt LLC Series 3085 Casey 201*, 773 F. App'x 396 (9th Cir. 2019) (holding that the appearance of an Enterprise as "beneficiary" in a recorded document is "straightforward evidence" of the Enterprise's property interest).

Further, Ditech submitted evidence in support of its Motion which was substantially identical to evidence considered by the Nevada Supreme Court and Ninth Circuit Court of Appeals in other cases and ruled to be sufficient. The evidence submitted by Ditech includes business records of Freddie Mac, accompanied by the Declaration of Dean Meyer, an employee of Freddie Mac. These business records and declaration evidence the fact that Freddie Mac acquired the Loan in February 2008 and continued to own the Loan at the time of the HOA Sale in March 2013. The business records and Meyer Declaration also prove that Ditech was Freddie Mac's servicer for the Loan at the time the Complaint was filed. This Court concludes that Freddie Mac's business records are admissible. Accordingly, this Court concludes that Freddie Mac was the record beneficiary of the Deed of Trust and owned the Loan at the time of the HOA Sale and

remains the owner of the Loan, Ditech was Freddie Mac's contractually authorized servicer at the time the Complaint was filed and the Federal Foreclosure Bar applied to protect the Deed of Trust from being extinguished by the HOA Sale.

To the extent that SFR challenges FHFA's lack of consent to the extinguishment of Freddie Mac's interest, this argument is without merit. The Federal Foreclosure Bar operates automatically as a matter of law because the federal statute states that "[n]o property of the Agency shall be subject to . . . foreclosure . . . without the consent of the Agency." 12 U.S.C. § 4617(j)(3). This provision "cloaks [the FHFA's] property with Congressional protection unless or until the FHFA affirmatively relinquishes it." *Berezovsky*, 869 F.3d at 929. SFR has not met its burden to come forward with evidence that it or someone else obtained FHFA's affirmative consent to extinguish FHFA's property interest.

**III. SFR was on notice of Freddie Mac's property interest when the Complaint was filed and was not prejudiced by Ditech's late disclosure of Freddie Mac's business records.**

SFR countermoves to strike the Declaration of Dean Meyer based on SFR's allegation that Ditech did not timely disclose Mr. Meyer as a witness (ECF No. 122) and for Rule 56(d) relief to reopen discovery with respect to the original promissory note, and Freddie Mac's ownership of the Loan and relationship with its servicers. ECF No. 123. This Court concludes that no such relief is necessary.

*First*, Ditech timely disclosed Freddie Mac as a witness and provided a description of the data regarding mortgage loans acquired and owned by Freddie Mac, including the subject loan, that Ditech would use to support its claims.

*Second*, Ditech's disclosure of Freddie Mac's business records was harmless. SFR has failed to demonstrate that it has been prejudiced or otherwise surprised by the disclosure of Freddie Mac's business records. SFR had record notice of Freddie Mac's interest at the time of the HOA Sale on March 6, 2013, as Freddie Mac was the beneficiary of record of the Deed of Trust on that date. Moreover, the Complaint (ECF No. 1) contains numerous, repeated references to Freddie Mac's ownership of the Loan, relationship with its servicers, and Ditech's intention to rely upon the Federal Foreclosure Bar in pursuing its claims for relief. Accordingly, SFR had

sufficient time during the discovery period to investigate Freddie Mac's ownership of the Loan and relationship with its servicers, like Ditech.

*Lastly*, this Court does not find merit with SFR's argument that production of the original wet-ink promissory note and any relevant servicing contracts is now required by *M&T Bank v. SFR Invs. Pool 1, LLC*, 963 F.3d 854, 858 (9th Cir. 2020), *cert. denied sub nom. SFR Invs. Pool 1, LLC v. M&T Bank*, No. 20-908, 2021 WL 1602655 (U.S. Apr. 26, 2021). *M&T Bank* did not hold that a quiet title claim is actually a contract claim. Nonetheless, the relevant contract discussed therein is the Deed of Trust, not the promissory note.[1]

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Ditech's Renewed Motion for Summary Judgment (ECF No. 93) is **GRANTED** and judgment is hereby entered in favor of Ditech and against SFR. Ditech's claims against the HOA are rendered moot by this ruling.

IT IS HEREBY FURTHER ORDERED that the non-judicial foreclosure sale of the Property conducted on March 6, 2013, did not extinguish the Deed of Trust recorded against the Property on January 30, 2008, as Instrument Number 20080130-0004057; the Deed of Trust remains a valid lien upon, and continues to encumber the Property; and SFR's interest in the Property is subject to that Deed of Trust.

IT IS HEREBY FURTHER ORDERED that SFR's Countermotion to Strike (ECF No. 122) is **DENIED.**

///
///
///
///

---

[1] This Court need not address SFR's argument regarding *Collins v. Yellen*, 141 S. Ct. 1761 (2021), raised for the first time in its Reply in support of the Countermotions to Strike and for Rule 56(d) Relief. ECF No. 129-130, respectively. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (a "district court need not consider arguments raised for the first time in a reply brief.") (citation omitted). The Court nevertheless rejects SFR's argument as "not persuasive," for reasons including those the Ninth Circuit expressed in *Bayview Loan Servicing, LLC v. 6364 Glenolden Street Trust*, No. 19-17544, 2021 WL 4938115, at *2 (9th Cir., Oct. 22, 2021).

IT IS HEREBY FURTHER ORDERED that SFR's Countermotion for Rule 56(d) Relief (ECF No. 123) is **DENIED.**

IT IS SO ORDERED.

Dated ___February 10, 2023.___

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

Respectfully submitted by:
WRIGHT, FINLAY & ZAK, LLP

*/s/ Christina V. Miller*
Christina V. Miller, Esq.
Nevada Bar No. 12448
7785 W. Sahara Avenue, Suite 200
Las Vegas, NV 89117
*Attorneys for Plaintiff Ditech Financial LLC*

Approved as to form and content:
HANKS LAW GROUP

*/s/ [No agreement –will submit separate order]*
Karen L. Hanks, Esq.
Nevada Bar No. 9578
7625 Dean Martin Drive, Suite 110
Las Vegas, NV 89139
*Attorneys for Defendant SFR Investments Pool 1, LLC*

Approved as to form and content:
LEACH KERN GRUCHOW ANDERSON SONG
*/s/ Ryan W. Reed.*
Ryan W. Reed, Esq.
Nevada Bar No. 11695
2525 Box Canyon Drivee
Las Vegas, NV 89128
*Attorneys for Defendant Desert Greens Homeowners' Association*